IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 99-40513

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ALVARADO,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Texas

———————————————

January 14, 2000

Before HIGGINBOTHAM and SMITH, Circuit Judges, and FALLON,[*] District Judge.

HIGGINBOTHAM, Circuit Judge:

Jesus Alvarado appeals the revocation of his supervised release. We AFFIRM.

I.

Alvarado served two prison terms, each with a term of supervised release. He pleaded guilty to possession with intent to distribute marijuana on November 4, 1991 and was later sentenced to 20 months' imprisonment to be followed by 3 years of supervised release. With months remaining in his term, Alvarado escaped from

———————————————

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

a halfway house in Brownsville, Texas. For that offense, he was sentenced on October 18, 1993, to 33 months' imprisonment, to be followed by 3 years of supervised release. The supervised release terms for the escape and marijuana convictions were to run concurrently. The first sentence was imposed by the Corpus Christi Division of the Southern District of Texas and the second by the Brownsville Division of that court.

Alvarado was released from confinement and began the supervised release terms September 26, 1995. Four months later, the probation office in Brownsville filed a petition to revoke Alvarado's supervised release on the escape conviction because he violated its conditions. The Corpus Christi Division transferred the revocation proceeding for the marijuana supervised release to the Brownsville Division, which accepted the transfer March 15, 1996.

The court revoked the supervised release for the escape conviction March 14, 1996, when Alvarado pleaded true to the violations at the revocation proceeding. The record shows no mention of the marijuana supervised release at the hearing. The probation office filed a petition to revoke Alvarado's supervised release on the marijuana conviction April 18, 1996, the day before the sentencing hearing on the revocation of the escape supervised release. At the sentencing hearing, Alvarado's attorney told the court he wished to take up the marijuana supervised release, but

2

the court decided not to do so.  Alvarado did not appeal this decision.

Alvarado was again released from confinement September 13, 1996.  Within a few months, he violated the conditions of his supervised release on the marijuana conviction, and the probation office in Corpus Christi sought to revoke the supervised release.  Alvarado waived his right to a preliminary hearing.  At the revocation hearing, Alvarado moved to dismiss the petition on the ground that the court lacked jurisdiction to continue his supervised release after it revoked a concurrent term of supervised release.  He argued that the court's jurisdiction ended when his supervised release for the escape conviction was revoked.  The court denied the motion.  Alvarado pleaded true to the supervised release violations, and the court revoked his supervised release for the marijuana conviction and sentenced him to 12 months' imprisonment.  Alvarado timely appealed.

## II.

This appeal presents a question of jurisdiction, which we review de novo.  See United States v. Lynch, 114 F.3d 61, 63 (5th Cir. 1997).

Alvarado violated the conditions of the escape supervised release by using cocaine, which was also a violation of the marijuana supervised release.  He argues that when the revocation proceeding for the marijuana supervised release was transferred,

3

the court was required to observe 18 U.S.C. § 3583(g), which provides for mandatory revocation of supervised release for drug possession in violation of a condition of supervised release.[1] Because of this mandate, Alvarado continues, the court had to revoke both supervised release terms when it found that he violated their conditions by using cocaine. Alvarado contends that the court was required to revoke the supervised release for the marijuana conviction, so it could not leave it in effect. He concludes that after the escape supervised release was revoked, he was no longer on a supervised release for the marijuana conviction, and the court lacked jurisdiction to revoke the latter.

The revocation of the escape supervised release did not automatically terminate the marijuana supervised release.[2] The marijuana supervised release was not properly before the court at the sentencing hearing for the escape supervised release

---

[1]18 U.S.C. § 3605 provides that "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." Section 3583(g) is in subchapter D of chapter 227, which governs imprisonment. This provision requires revocation when a defendant possesses a controlled substance. *See United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992). Drug use is equivalent to possession for purposes of this provision. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992).

[2]In a case with similar facts, the Eighth Circuit determined that the revocation of one of four concurrent terms of probation did not automatically revoke the remaining three, and that the other probationary terms could be revoked later for subsequent violations of their conditions. *See McGaughey v. United States*, 596 F.2d 796 (8th Cir. 1979)(per curiam).

4

revocation. Alvarado's attorney did not raise the issue of the marijuana supervised release until the sentencing hearing. As a result, the procedural requirements of Fed. R. Crim. P. 32.1, which governs revocation proceedings, had not been observed. Alvarado had not pled, and there had been no preliminary hearing, formal hearing or waiver of either. The probation office had filed a petition to revoke the marijuana supervised release the day before the sentencing hearing on the escape supervised release, which was revoked a month before the hearing. Although the court would be required to revoke Alvarado's supervised release for the marijuana conviction, the issue was not properly presented to the court for determination at the sentencing hearing. Under these circumstances, the court's failure to render a decision about the marijuana supervised release did not violate § 3583(g). In any event, that supervised release was not automatically terminated, and it remained in effect.

Alvarado argues that revoking the marijuana supervised release violated the Ex Post Facto Clause. He pleaded guilty to the marijuana charge in 1991, and § 3583(h), which permits the reimposition of supervised release after revocation and subsequent imprisonment, became effective in 1994.[3] Before § 3583 became

---

[3]Most Circuits hold that the application of amendments to the statutes governing revocation of supervised release or parole violates the Ex Post Facto Clause if the underlying criminal conduct occurred before the amendment became effective, even though the conduct causing the revocation occurred after the amendments' effective date. *See United States v. Byrd*, 116 F.3d 770, 773 n.1

effective, we did not permit the imposition of a second term of supervised release after the revocation of a first one. *See United States v. Holmes*, 954 F.2d 270, 272 (5th Cir. 1992).

No second supervised release was imposed for the marijuana conviction, and its revocation did not implicate the Ex Post Facto Clause. Under 18 U.S.C. § 3624(e), supervised release does not run while a defendant is incarcerated for more than thirty days on another conviction. Section 3624(e) became effective November 1, 1987, well before Alvarado's 1991 marijuana conviction, and it was this provision that caused his supervised release for the marijuana conviction to run after his release from prison for the revocation of his escape supervised release.

Finally, Alvarado argues that the court's revoking one but not both supervised release terms violates the provision of § 3624(e) requiring that supervised release terms run concurrently. Section 3624(e) prohibits the imposition of consecutive supervised release terms. *See United States v. Hernandez*, 162 F.3d 863, 877 (5th Cir. 1998). Alvarado's supervised release terms did not run consecutively. Instead, Alvarado was sentenced for the marijuana conviction, then the escape conviction, then his escape supervised release was revoked, and finally his marijuana supervised release was revoked. He was never sentenced to consecutive terms of imprisonment or supervised release. Section 3624(e)'s requirement

---

(5th Cir.), *cert. denied*, 118 S. Ct. 354, 612 (1997).

that supervised release terms run concurrently controls the date on which a term of supervised release begins. *See United States v. Cotroneo*, 89 F.3d 510, 513 (8th Cir. 1996); *United States v. Schmidt*, 99 F.3d 315, 319 (9th Cir. 1999). We do not agree that Alvarado's terms of supervised release had to end simultaneously because they had to begin on the same date.

Alvarado believes the marijuana supervised release should have been revoked at his first revocation proceeding in 1996, but he did not appeal that decision. Now, when that supervised release has been revoked, he argues that it evaporated with the first revocation proceeding. We reject Alvarado's argument that the revocation of one supervised release entailed the revocation of the other. Because Alvarado was on supervised release for the marijuana conviction, the district court had jurisdiction to revoke that supervised release.

AFFIRMED.

7