IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50544
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ANDREW URRABAZO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
December 5, 2000

Before BARKSDALE and BENAVIDES, Circuit Judges.*

BENAVIDES, Circuit Judge:

A jury convicted Appellant Richard Urrabazo of seven counts
of sexual misconduct in a federal prison.  Urrabazo now appeals,
arguing that the district court did not have subject matter
jurisdiction over this prosecution.  Because the cell block of a
federal courthouse falls within Congress' definition of a federal
prison in 18 U.S.C. § 2246(1), we AFFIRM the judgment of the
district court.

_____

 * Judge Vela, District Judge of the Southern District of
Texas, was a member of the panel that heard oral arguments but
did not participate in the decision.  This case is being decided
by a quorum, 28 U.S.C. § 46(d).

## FACTUAL AND PROCEDURAL BACKGROUND

As a Deputy United States Marshal, Richard Urrabazo supervised detainees in the cell block of the U.S. Marshals' Service Office located in the John Wood Federal Courthouse in San Antonio, Texas. The cell block primarily houses federal arrestees and prisoners while they await court appearances.

On November 18, 1998, a grand jury returned a seven count indictment against Urrabazo charging abusive sexual conduct with female detainees and a court security officer in violation of 18 U.S.C. § 2244. That section proscribes sexual misconduct of varying severity that takes place within "the special maritime and territorial jurisdiction of the United States or in a Federal prison." 18 U.S.C. § 2244 (2000). On March 17, 1999, a jury convicted Urrabazo on all counts of the indictment;[1] the district court sentenced Urrabazo to 51 months in federal prison.

Prior to trial, the district court denied Urrabazo's motion to dismiss for lack of subject matter jurisdiction, finding the cell block at the federal courthouse in San Antonio to be a

---

[1] Specifically, Urrabazo was convicted of 5 counts of sexual abuse under section 2244(b) and two counts under section 2244(a)(2). A person violates section 2244(b) by knowingly engaging in sexual contact with another person without that other person's permission. 18 U.S.C. § 2244(b) (2000). A person violates section 2244(a)(2) by knowingly engaging in or causing sexual contact with or by another person by "threatening or placing that other person in fear." 18 U.S.C. §§ 2244(a)(2), 2242 (2000). At trial, Urrabazo did not dispute that the alleged violations took place in the cell block of the federal courthouse.

"Federal prison."  Based on this ruling, the court instructed the jury that "the entire holding area on the second floor of the federal courthouse at 655 East Durango in San Antonio, Texas, is considered a federal prison because it is a federal detention facility."  At the close of evidence, the defendant filed a Rule 29 motion for judgment of acquittal based on lack of jurisdiction.  The district court denied this motion.

## DISCUSSION

The jurisdictional element of section 2244 offers two independent jurisdictional hooks: "the special territorial and maritime jurisdiction of the United States" or "Federal prison." In this appeal, Urrabazo contends that the government failed to prove either.  Primarily, Urrabazo argues that the cell block of the federal courthouse in San Antonio does not constitute a "prison" because it does not permanently house prisoners. Additionally, Urrabazo maintains that the Government did not comply with statutory requirements for obtaining jurisdiction to regulate the courthouse building as a whole, or the holding cell specifically, as part of "the special maritime or territorial jurisdiction of the United States."  For these reasons, Urrabazo contends that the district court did not have jurisdiction to try him under section 2244, or in any event, should have granted his Rule 29 motion for acquittal based on the government's failure to prove the jurisdictional element of the crime.

We review legal determinations regarding the subject matter jurisdiction of a district court de novo. *United States v. Alvarado*, 201 F.3d 379, 381 (5th Cir. 2000). Since the indictment specifies that Urrabazo's criminal conduct took place in a federal prison, and the district court decided the jurisdictional issue on that basis, we begin by deciding whether the cell block is a federal prison as defined by Congress.[2]

Urrabazo's primary argument focuses on whether the Marshals' Service cell block qualifies as a "prison." In this regard, Urrabazo insists, without authority, that to be a prison, a facility must house inmates for periods lasting more than a few

---

[2] The indictment also listed section 7(3) of title 18, which defines "special territorial and maritime jurisdiction," as part of the statutory foundation for each count. Perhaps relying on the presence of section 7(3) in the indictment, Urrabazo expends considerable energy in his brief discussing the section 7(3) definition, as well as statutory limits on that jurisdictional hook. *See* 40 U.S.C. § 255. Following oral argument, we understand that Urrabazo discussed this alternative basis for jurisdiction "to be thorough" so that, should we agree with his interpretation of federal prison, we would not be persuaded to use the "special maritime and territorial jurisdiction" as an alternative basis for finding subject matter jurisdiction. At no point in his brief or during oral argument has Urrabazo alleged that section 7(3)'s definition of "special maritime and territorial jurisdiction" limits the scope of "Federal prison." Moreover, Urrabazo has never argued that alleged constitutional or statutory limits on the "special maritime and territorial jurisdiction of the United States" have any impact on the federal government's jurisdiction to regulate its prisons. In fact, Urrabazo's counsel conceded at oral argument that this court may take judicial notice that the courthouse and cell block are "federal."

4

hours.[3]  For Urrabazo, a prison requires beds, a library, a medical center and other similar tools of daily life.  These items are not required by the statute, however.  The chapter on sexual abuse defines "prison" as "a correctional, detention, or penal facility."  18 U.S.C. § 2246(1) (2000).  This court gives the words used by Congress their ordinary meaning. *United States v. Lowe*, 118 F.3d 399, 402 (5th Cir. 1997).  "Detention" means "the act or fact of holding a person in custody." *See* BLACK'S LAW DICTIONARY 459 (7th ed. 1999).  "Facility" means, inter alia, "something designed, built, installed, etc., to serve a specific purpose or perform a particular service."  RANDOM HOUSE COLLEGE DICTIONARY 473 (1980).  Thus, a "detention facility" is a place designed or intended to hold persons in custody.  We agree with the district court that the Marshals' Service cell block in this case qualifies as a "detention facility" because prisoners were, by design, held in custody there.  Moreover, as Urrabazo conceded at oral argument, we may take judicial notice that the cell block

---

[3] Urrabazo points to a series of cases that allegedly support his position that to be a prison, a facility must house prisoners permanently.  *See Kelly v. Foti*, 77 F.3d 819 (5th Cir. 1996); *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998); *United States v. Sorrell*, 562 F.2d 227 (3d Cir. 1977).  Not one of these cases supports Urrabazo's argument, however.  At best, the cases generally distinguish a "prison" from a "detention facility" in contexts that do not involve section 2246(1)'s definition of "prison."  At any rate, section 2246(1) expressly includes both penal and detention facilities within its definition, so the distinction raised in the cases does not advance Urrabazo's argument.

5

is "federal."[4]  Thus, the district court properly concluded that the cell block is a "Federal prison."  We need not address whether the cell block also falls within the special territorial and maritime jurisdiction of the United States.

Urrabazo argues that our ruling causes any facility or property on which a federal prisoner happens to be located to become a federal prison.  We disagree.  The term "detention facility" is not limitless - it includes only those facilities designed or intended to detain prisoners.  A federal courtroom does not become a federal detention facility simply because a prisoner is held in custody there during a trial or sentencing hearing.  In contrast, the federal government intended the Marshals' Service cell block to detain prisoners in the San Antonio federal courthouse, albeit for short periods.  As a consequence, the cell block is a detention facility that qualifies as a federal prison under 18 U.S.C. § 2246(1).

CONCLUSION

---

[4] Even assuming that Urrabazo had not conceded this point, our decision in *United States v. Gliatta* commands the conclusion that when Congress passes an appropriations act granting funds for the regulation of specific property, the United States has jurisdiction to regulate that property.  *See United States v. Gliatta*, 580 F.2d 156, 159-60 (5th Cir. 1978).  In this case, Congress has passed an appropriations bill that allocates funds for the construction and maintenance of Marshals' Service detention facilities.  *See* 107 Stat. 1164 (1993), codified at 28 U.S.C. § 524 (1993).  On this basis, we can conclude that Marshals' Service holding cells are properly subject to federal jurisdiction.

The Marshals' Service cell block in San Antonio's John Wood federal courthouse was clearly intended to detain federal prisoners.  As a detention facility, the cell block falls squarely within Congress' definition of "prison." 18 U.S.C. 2246(1).  Moreover, both the courthouse and cell block are federal facilities, as conceded by Urrabazo.  Therefore, we affirm the district court's judgment that it had subject matter jurisdiction over this case.