UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21089
Summary Calendar
_____

ABOLALA SOUDAVAR,

Plaintiff-Appellant,

versus

FEDERAL AVIATION ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-344
_____
June 28, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Abolala Soudavar filed a *pro se* complaint against the Federal Aviation Administration

("FAA") alleging that he was subjected to extensive searches and inspections on account of his

Iranian citizenship.

Soudavar now appeals the dismissal of his complaint for lack of subject matter jurisdiction

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and for failure to state a claim. This court will uphold a dismissal for failure to state a claim "only if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 240 (5th Cir. 1999). Determinations pertaining to the subject matter jurisdiction of a district court are reviewed *de novo*. *See United States v. Alvarado*, 201 F.3d 379, 381 (5th Cir. 2000).

The United States and its agencies are immune from suit except upon waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Rykers v. Alford*, 832 F.2d 895, 897 (1987). Waiver of the United States' sovereign immunity "must be expressly stated by congress and should not be inferred." *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 310 (5th Cir. 1985).

Soudavar argues that under the Administrative Procedure Act, 5 U.S.C. § 702, the United States waived sovereign immunity. The statute states that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," and that such an action shall not be dismissed on the ground that it is against the United States. 5 U.S.C. § 702. When "review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 882 (1990). Whether an agency action is "final" hinges on several factors, including whether the challenged action is a definitive statement of the agency's position; whether the action has the status of law with penalties for noncompliance; the directness and immediacy of the action's impact upon the plaintiff, and whether immediate compliance is expected. *See Taylor-Callahan-Coleman Counties Dist Adult*

2

*Probation Dep't v. Dole*, 948 F.2d 953, 958 (5th Cir. 1991).

Soudavar's claim must fail because there has been no final agency action. There is no evidence that Soudavar filed a complaint with the FAA concerning its screening practices. Moreover, Soudavar fails to establish an FAA policy of extensive screening of Iranian passengers.

Soudavar also argues that the Treaty of Amity, Economic Relations, and Consular Rights between the United States of America and Iran ("Treaty of Amity") waives sovereign immunity. Soudavar's argument, however, fails, as the "limited waiver of immunity in the Treaty of Amity extends only to enterprises of Iran, not Iran itself." *Soudavar v. Islamic Republic of Iran*, 186 F.3d 671, 674-75. In fact, this waiver of immunity extends only to those enterprises conducting business in the United States. *See Berkovitz v. Islamic Republic of Iran*, 735 F.2d 329, 333 (9th Cir. 1984).

As Soudavar challenges no other findings of the district court, he abandons any challenges to these remaining findings.

AFFIRMED.