**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-40403
Summary Calendar

ALVA GRISSOM CULLIFER,

Plaintiff-Appellant,

versus

LARRY CRAIG, Judge; RICK PERRY, Governor of Texas;
HENRY CUELLAR, Secretary of State, Texas; CAROLE W. CLARK,

Defendants-Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-362
-----------------------------------------------------------
October 28, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alva Grissom Cullifer ("Cullifer") appeals the district court's dismissal of her 42 U.S.C. §

1983 civil rights action. Cullifer argues that the defendants violated her constitutional rights because

they denied her a fair hearing regarding the transfer of a piece of real property. Cullifer contends that

the Texas state courts erroneously determined that the defendants were entitled to summary

judgment. A district court's ruling on a FED. R. CIV. P. 12(b)(6) motion and its legal determinations

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding subject matter jurisdiction are reviewed *de novo*. <u>Barrientos v. Reliance Standard Life Ins. Co.</u>, 911 F.2d 1115, 1116 (5th Cir. 1990); <u>United States v. Alvarado</u>, 201 F.3d 379, 381 (5th Cir. 2000).

Federal district courts lack jurisdiction to engage in appellate review of state-court judgments. <u>See</u> <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). "When issues raised in a federal court are inextricably intertwined with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction." <u>Davis v. Bayless</u>, 70 F.3d 367, 375 (5th Cir. 1995)(citations omitted). Because Cullifer challenged the decisions of the Texas state courts, her 42 U.S.C. § 1983 complaint constituted a request that the district court review a state court decision. Accordingly, the district court lacked jurisdiction to consider Cullifer's complaint.

AFFIRMED.