**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-40572
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHARLES DANIEL DEARING, JR.,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(9:01-CR-8-1)**

December 31, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Daniel Dearing, Jr., appeals the revocation of his term of supervised release, received for violating 21 U.S.C. 841(a)(1) & (b)(1)(B) (possession with intent to distribute approximately 327 kilograms of marijuana).

Dearing contends the district court lacked jurisdiction to revoke his supervised release. Questions of jurisdiction are reviewed _de novo_. _E.g., **United States v. Alvarado**_, 201 F.3d 379, 381 (5th Cir. 2000). The district court's jurisdiction "extends

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beyond the expiration of the term of supervised release for any period *reasonably necessary* for the adjudication of matters *arising before* its expiration" if, as here, a warrant or summons is issued before expiration. 18 U.S.C. § 3583(i) (emphasis added). Dearing asserts his revocation hearing was held subsequent to the "reasonably necessary" period.

The total delay was approximately 13 months. On similar facts, our court held recently that a delay of almost three years did not result in a loss of jurisdiction. ***United States v. Naranjo***, 259 F.3d 379 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). On this record, the district court retained jurisdiction.

***AFFIRMED***