**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Beth Marie MITTELSTADT,**
**Defendant–Appellant.**

No. 03–2565.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 9, 2004.

Decided Feb. 9, 2004.

Before POSNER, EASTERBROOK,
and WILLIAMS, Circuit Judges.

**ORDER**

Beth Mittelstadt was on supervised release for two separate convictions—importation of cocaine and escape—when she admitted on several occasions to the probation office that she had been drinking to excess in violation of the terms of her supervision. The district court found that she had violated her supervision and revoked her supervised release on her escape conviction. The court sentenced her to two years' imprisonment and "tolled" (suspended) the supervised release on her cocaine conviction. Mittelstadt filed a timely notice of appeal, but her appointed counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot identify a nonfrivolous basis for appeal. Mittelstadt has declined to file a response, *see* Circuit Rule 51(b), so we limit our review to the potential issues raised by counsel's facially adequate brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

In 1999 Mittelstadt was sentenced to two years' imprisonment and four years' supervised release on one count of importation of cocaine. One year later, she was convicted of escape and sentenced to a year and a day's imprisonment to be served consecutively to the cocaine sentence, and three years' supervised release to be served concurrently to the previous term of supervised release. Mittelstadt's incarceration ended in 2001, and in addition to the standard conditions of supervision she agreed not to consume any al-

cohol. From 2001 until her arrest in January 2003, however, Mittelstadt repeatedly violated the terms of her release by drinking to excess, often requiring hospitalization for blood alcohol levels of .38 and beyond.

Revocation proceedings were initiated in February 2003. Because of her history of alcohol abuse and other anti-social behavior, the district court ordered a psychiatric evaluation after which it found Mittelstadt competent to proceed. Determining that the infractions of her supervised release constituted a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), the court revoked Mittelstadt's release for her escape conviction. After considering the applicable guideline range, the court sentenced her to two-years' imprisonment on the escape conviction—the maximum available for her violation—and tolled the supervised release as of May 2003 on her cocaine conviction so that she would have 22 months of the four years' remaining when she was released.

Counsel first addresses whether Mittelstadt could make a nonfrivolous challenge to the district court's decision to revoke her release "where she was informed of the charges and agreed with the facts upon which the court based the revocation" (Appellant Br. 14). Counsel discusses in very general terms the circumstances of the revocation hearing, considering Mittelstadt's wish to "appeal all aspects of her case" as reason to explore the court's "handling of the change of revocation hearing" in light of our decision in *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002). But *Knox* concerns the reliability of guilty pleas in the context of Federal Rule of Criminal Procedure 11; since revocation proceedings do not require the procedural protections of a Rule 11 hearing, *United States v. LeBlanc*, 175 F.3d 511, 516 (7th Cir.1999), *Knox* is inapplicable. Rule 32.1 governs the proceedings instead.

*See id.* at 516–17. Mittelstadt, having admitted that she violated the conditions of her supervision, can challenge the district court's decision to revoke her supervision only by arguing that she did not knowingly and voluntarily waive her rights under Rule 32.1 to contest the alleged violations. *See id.* at 515. But Mittelstadt gives no indication that her waiver was not knowingly and voluntarily made, and our review of "the totality of the circumstances in which the waiver occurred" assures us that it was both. *See id.* at 517.

Counsel next considers whether Mittelstadt could make a nonfrivolous challenge to her sentence as exceeding that authorized by statute or resulting from an incorrect application of the guidelines. The district court determined that the infringement of the terms of her supervised release was a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), and sentenced her to two years' imprisonment. Although the period of incarceration suggested by the guidelines was seven to thirteen months, *see id.* § 7B1.4, the district court was free to impose a sentence up to the two-year maximum for a Grade C violation under § 3583(e)(3). *See United States v. Hale*, 107 F.3d 526, 529 (7th Cir.1997).

Counsel also questions whether the district court had the authority to "toll" Mittelstadt's term of supervised release on the cocaine conviction while she was incarcerated for the revocation on her escape conviction, pointing out that "tolling" is not enumerated among the powers of a district court upon revocation of supervision. *See* 18 U.S.C. § 3583(e). We see no reason why the district court could not have revoked one term of supervised release but not the other, *see United States v. Gammarano*, 321 F.3d 311, 314 (2nd Cir. 2003) (revocation of supervised release for one conviction does not terminate supervised release imposed as a result of a separate conviction); *United States v. Al-*

*varado*, 201 F.3d 379, 381–82 (5th Cir. 2000) (same), so then the 22 months that remained of her supervised release on the cocaine conviction would have been effectively suspended or "tolled" while she was incarcerated for revocation on the escape charge by virtue of 18 U.S.C. § 3624(e) (supervised release does not run during any period of incarceration greater than 30 consecutive days), *see United States v. Johnson*, 529 U.S. 53, 57–58, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000); *see also United States v. Juan–Manuel*, 222 F.3d 480, 487–88 (8th Cir.2000) ("[Congress] has expressly provided for tolling of supervised release ... during an imprisonment of 30 days or more.") (citation omitted). We therefore agree with counsel that any challenge to her sentence would be frivolous.

Finally, counsel considers whether Mittelstadt could make a non-frivolous challenge to the court's finding that she was competent to proceed with the revocation hearing in light of her severe alcohol abuse. Following the psychiatric evaluation, both defense counsel and the government stipulated to her competence to proceed, so it appears that Mittelstadt has waived this claim. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Even were we to consider the issue, no evidence in the record suggests a reason to doubt Mittelstadt's competency. *See* 18 U.S.C. § 4241(a); *see also United States v. Downs*, 123 F.3d 637, 641 (7th Cir.1997) (finding of cause to order a psychiatric evaluation does not compel a full-scale competency hearing). Therefore, we agree that any appeal on this ground would be frivolous as well.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.