Robert **ANDERSON**, Petitioner-Appellant,

v.

Lawrence E. **WILSON**, Warden, San Quentin State Prison, and People of the State of California, Respondents-Appellees.

No. 22073.

United States Court of Appeals Ninth Circuit.

July 11, 1968.

Rehearing Denied Sept. 10, 1968.

Robert Anderson, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLIN and MERRILL, Circuit Judges, and CROCKER,* District Judge.

CROCKER, District Judge:

Appellant is a California State prisoner serving concurrent terms of five years to life and ten years to life on two independent convictions of violation of California Health and Safety Code, Section 11501. He appeals from a district court order denying his application for a writ of habeas corpus. The district

---

* The Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

court Judge issued a certificate of probable cause.

The first contention of Robert Anderson is that his probation on the first conviction in 1960 for violation of California Health and Safety Code, Section 11501 was revoked after the probationary period expired.

██ Therefore, the sentence of five years to life that was imposed is void. The record shows that appellant was found guilty on September 29, 1960. Subsequently, on October 26, 1960, appellant was sentenced to three years probation. On September 6, 1963, *before* termination of the above probationary period, appellant again violated Section 11501 of the California Health and Safety Code. On December 16, 1963, Robert Anderson plead guilty. On the same date, his probation under the 1960 conviction was revoked. The significant date is the date of violation of the terms of probation which occurred before his probation expired. Thus, an imposition of a suspended sentence of five years to life was not an unconstitutional deprivation of appellant's rights.

Assuming, for the sake of argument, that appellant could not be resentenced for the 1960 conviction, appellant is still lawfully in custody because the minimum sentence for a second conviction of violation of California Health and Safety Code, Section 11501 is ten years.

██ The second allegation of constitutional error propounded is that the use of appellant's 1960 conviction to increase the penalty on his 1963 conviction for the same offense violates his constitutional protection against double jeopardy. In a recent holding by the United States Supreme Court, it was held that a court could impose a harsher sentence for the second violation of the same statute, and such would not violate any constitutional safeguards. Spencer v. State of Texas (1967) 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

For these reasons, we affirm the decision of the district court.

Affirmed.