**UNITED STATES of America,**
**Plaintiff,**

v.

**Ross Joseph STRADA, Defendant.**
**Crim. A. No. 22676–3.**

United States District Court,
W. D. Missouri, W. D.
April 18, 1974.

Gary Cornwell, U. S. Justice Dept., Kansas City, Mo., for plaintiff.

James Patrick Quinn, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION IN ARREST OF JUDGMENT

WILLIAM H. BECKER, Chief Judge.

On November 28, 1973, plaintiff filed herein a "Motion for Order of Arrest and to Show Cause Why the Defendant's Sentence of Probation Should Not Be Revoked," including therewith suggestions in support thereof.

Defendant indicated that he was willing to appear voluntarily. Therefore, in order to avoid any embarrassment to the defendant and because of the obvious lack of necessity of having a warrant of arrest issued, defendant was permitted to appear voluntarily. At all times thereafter fixed by the Court, the defendant appeared in person and by counsel to contest the motion. Further responsive pleadings and briefs were filed.

After a pre-hearing conference on January 17, 1974, hearing on the motion to revoke defendant's probation was set for and held on January 22, 1974.

On March 28, 1974, orders were entered revoking defendant's probation and directing that a warrant for the arrest of the defendant be issued. On that same day, a warrant for the defendant's arrest was issued. The order of revocation further provided that ". . . upon the arrest or *surrender* of the defendant, the defendant shall be released pending further proceedings and appeal upon the filing of an unsecured personal recognizance bail bond in the amount of $5,000." (Emphasis added.)

On March 29, 1974, the defendant appeared before the Chief United States Magistrate and executed and filed an unsecured personal recognizance bail

bond in the amount of $5,000. That appearance was also made voluntarily without prior arrest upon the approval of the United States Magistrate who, as this Court, found no necessity to embarrass the defendant or to unnecessarily employ the services of the United States Marshal.

The findings of fact and conclusions of law on which the order of revocation was based were filed on April 10, 1974, in a "Supplemental Memorandum to Order Revoking Probation of Defendant Containing Findings of Fact and Conclusions of Law."

An April 5, 1974, defendant filed herein, pursuant to Rule 34 of the Federal Rules of Criminal Procedure, a "Motion in Arrest of Judgment," stating therein that this Court was without jurisdiction to enter the order revoking defendant's probation because the defendant's maximum term of probation had expired prior to the entry of the order of revocation. In his suggestions in support of the motion to arrest judgment, defendant states as follows:

"1. A motion to arrest judgment is the proper means of asserting a lack of jurisdiction by this Court. United States vs Bradford, 194 F.2d 197 (2d Cir).

"2. 18 U.S.C., Section 3651, provides in part that, 'the period of probation, together with any extension thereof, shall not exceed five years.' Defendant commenced his probation on March 28, 1969 (Testimony of Mr. Welton, Rt. 29; Mr. Welton's Motion of January 2, 1974, line 12; Government Motion of November 28, 1973, p. 3, paragraph (e)). His probation would thus extend through March 27, 1974. The order of the Court revoking defendant's probation was entered on March 28, 1974, one day after the maximum statutory period of probation, five years and one day after probation commenced.

"At all times during the five years from March 28, 1969 through March 27, 1974, defendant was on probation.

After that—after March 27, 1974—defendant could not be on probation, so that an order entered after that time would be revoking a probation that had ceased to exist.

"On March 28, 1974, there was no probation to be revoked, so that the Court was without jurisdiction to do so."

Under the provisions of Section 3651, Title 18, United States Code, "[t]he period of probation, together with any extension thereof, shall not exceed five years." In conjunction therewith, Section 3653, Title 18, United States Code, provides, in part, that "[a]t any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised . . . *may* issue a warrant for his arrest for violation of probation occurring during the probation period." (Emphasis added.)

■ It is well settled that a court is without jurisdiction to revoke the probation of a defendant and to impose sentence with respect to a violation of probation which occurs after the expiration of the maximum five-year statutory term. Anderson v. Wilson, 397 F.2d 255 (9th Cir. 1968); Fox v. United States, 354 F.2d 752, 754 (10th Cir. 1965); Sanford v. King, 136 F.2d 106, 108 (5th Cir. 1943); Reed v. United States, 181 F.2d 141 (9th Cir. 1950).

■ It also appears to be an established rule that the *issuance* of a probation violation warrant within the five-year period effectively tolls the running of the maximum five-year period, thereby retaining jurisdiction in the district court even though the execution of the probation warrant, the holding of the probation revocation hearing and the order revoking probation may occur *after* the expiration of the maximum five-year period. United States v. Bartholdi, 453 F.2d 1225, 1226 (9th Cir. 1972); Anderson v. Wilson, 397 F.2d 255 (9th Cir. 1968); Jutras v. United States, 340 F.

2d 305 (1st Cir. 1964); *see also,* Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 571 (1967); Barr v. Parker, 453 F.2d 865 (9th Cir. 1971). This conclusion appears to comport with the provisions of Section 3653 which provides that "[a]t any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court . . . may *issue* a warrant for his arrest for violation of probation occurring during the probation period." (Emphasis added.)

■ Although there does not appear to be any legal authority on the question, it appears to be only logical that the consent to waive formal arrest and appear voluntarily would also toll the running of the maximum five-year period in the same manner that the issuance of a warrant tolls the running of the maximum period.

■ Section 3653 does not state that a probation arrest warrant *must* be issued within the maximum period, but rather that such a warrant *may* be issued within the maximum period. It may be that most probation revocation cases proceed by the issuance of a probation violation arrest warrant. However, in certain circumstances, as in the case at bar, there is little if any reason or necessity to employ the authoritative machinery of the early arrest procedure. When a defendant is willing to consent to waive the issuance of the warrant of arrest and appear voluntarily, the issuance of the warrant of arrest is unnecessary and undesirable. In such circumstances, it is not legally necessary to expose an individual willing to appear to possible embarrassment through the issuance and execution of an arrest warrant. This is consistent with the present developing policy of refraining from employing arrest warrant procedures when, in the exercise of judicial discretion, such procedures are unnecessary and unwarranted.

Thus, in factual circumstances wherein the court, in its discretion, deems it unnecessary to issue an arrest warrant and the defendant consents by his conduct to waive the issuance thereof and to appear voluntarily, the consent becomes the equivalent of an actual issuance for the purpose of tolling the running of the maximum period, if said consent is given within the maximum period.

Under the facts presented in the case at bar, it is clear that this Court had jurisdiction to revoke the defendant's probation on March 28, 1974.

■ The undisputed facts show that defendant was released from custody on March 28, 1969, and that he commenced a maximum five-year probationary term that same day. Under Rule 45 of the Federal Rules of Criminal Procedure "the day of the act or event from which the designated period of time begins to run *shall not be included*" in computing any period of time. (Emphasis added.) Rule 45 further provides that "[t]he last day of the period so computed shall be included. . . ." Thus, under the facts presented herein, the five-year period of probation included the period from March 29, 1969, to and including all of the day of March 28, 1974. Defendant's probation was revoked during the day of March 28, 1974.

■ However, even if the order revoking defendant's probation had not been entered within the maximum period and no arrest warrant were issued within that same period, under the facts presented in the case at bar, this Court would have retained jurisdiction even beyond March 28, 1974, because of defendant's entry of appearance and consent by conduct to waive the issuance of an arrest warrant and appear voluntarily. That consent was given well within the five-year maximum period.

For each of the foregoing reasons, it is therefore

Ordered that defendant's motion in arrest of judgment, be and it is hereby, denied.