Donald Eugene McGAUGHEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 78–1299.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1979.

Decided April 11, 1979.

---

Ronald L. Hall, Asst. Federal Public Defender, Kansas City, Mo., for appellant; David R. Freeman, Federal Public Defender, Kansas City, Mo., on brief.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee; Ronald S. Reed, Jr., U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief.

Joseph A. Barry, Gen. Counsel, and David C. Shipman, Atty., U. S. Parole Commission, Washington, D. C., amicus curiae, U. S. Parole Commission.

Donald Eugene McGaughey, pro se.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE, District Judge.*

PER CURIAM.

Donald Eugene McGaughey appeals from the dismissal of his petition to vacate sentence under 28 U.S.C. § 2255 (1976). McGaughey contends that the action of the district court in revoking probation on one of four concurrent sentences of probation operated to revoke probation on all of those sentences. Therefore, argues McGaughey, the district court acted improperly in subsequently revoking probation on the other three probationary terms and imposing a prison term upon McGaughey. The district court[1] rejected this contention. *McGaughey v. United States*, 467 F.Supp. 1 (W.D.Mo. 1978). We affirm.

We briefly relate the background. In September 1969, McGaughey entered guilty pleas in the United States District Court for the District of Nebraska to indictments charging him with multiple counts of forgery, conspiracy, and uttering false government securities, in violation of 18 U.S.C. §§ 371, 495, 2314. The court sentenced McGaughey to concurrent five-year terms of imprisonment on several counts. On the four counts material here, the court imposed separate sentences of five years' probation, to be served concurrently following McGaughey's release from imprisonment under the other sentences already mentioned.

On December 1, 1972, upon his release from imprisonment, McGaughey began serving his four concurrent five-year terms of probation. In early 1975, the district court (Western District of Missouri) accepted a transfer of jurisdiction from the District of Nebraska over the four cases in which McGaughey had received probation. In January 1976, McGaughey was convicted in state court of conduct violating his federal probation conditions. On the basis of that conduct and certain other allegations, the United States moved in June 1976 to revoke McGaughey's probation on all four probationary terms.

On June 4, 1976, McGaughey appeared before the district court and admitted his violation of probation. The court revoked probation on one of the four concurrent probationary terms and sentenced McGaughey to 180 days' confinement (later reduced to 98 days). However, the district court did not revoke McGaughey's probation on the other three sentences.

Subsequent to his release from this 1976 confinement, McGaughey committed other violations of the conditions of his probation, and the Government moved to revoke probation on the three remaining probation sentences. The district court granted that motion on January 7, 1977, and imposed concurrent sentences of three years' imprisonment for each of the three convictions underlying the probation sentences.

In his present petition to vacate the January 7, 1977, prison sentences, McGaughey theorizes that the district court's initial revocation of probation on one of the probationary terms automatically revoked proba-

---

* ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable John W. Oliver, Chief Judge, United States District Court for the Western District of Missouri.

tion on the other three concurrent sentences of probation. According to this theory of McGaughey, all of the sentences under which he was on probation were merged in the June 1976 sentence to 180 days' confinement. Thus, McGaughey contends that he could not validly be sentenced for a violation of the conditions of his probation occurring after June 4, 1976, because no probationary terms remained after imposition of the June 1976 sentence.

The district court rejected this argument of McGaughey for good and sufficient reasons set forth in the court's opinion at 467 F.Supp. 1 (W.D.Mo. 1978). We agree with the district court's reasoning and conclusion, and we affirm on the basis of that court's opinion.

Affirmed.