UNITED STATES of America,
Appellee,

v.

John GAMMARANO, Defendant–Appellant.

Docket No. 02–1499.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 12, 2003.

Decided: Feb. 26, 2003.

Alan J. Chaset, Alexandria, VA, for Defendant–Appellant.

Bridget M. Rohde, Assistant United States Attorney (Cecil C. Scott, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief) Brooklyn, NY, for Appellee.

Before: CABRANES and F.I. PARKER, Circuit Judges, and KAPLAN,* District Judge.

JOSÉ A. CABRANES, Circuit Judge.

Defendant John Gammarano appeals from orders entered in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) (1) ruling that Gammarano's incarceration for violating the conditions of supervised release imposed as a result of one conviction did not terminate his concurrent term of supervised release stemming from a separate conviction and (2) denying Gammarano's motion for termination of his remaining term of supervised release. We affirm.

BACKGROUND

On December 13, 1995, Gammarano pleaded guilty in the District Court to extortion and tax violations. On May 2, 1996, he was sentenced principally to imprisonment for fifty-one months and supervised release for three years. This sentence was to run concurrently with a sentence imposed on March 6, 1996 by the United States District Court for the Eastern District of Louisiana pursuant to Gammarano's guilty plea before that Court to racketeering charges. The Louisiana sentence entailed imprisonment for forty-four months, three years of supervised release, and restitution in the amount of $500,000.

Gammarano was released from custody on January 12, 2000, following completion of the two concurrent terms of imprisonment, and, pursuant to 18 U.S.C.

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

§ 3624(e),[1] he began serving his concurrent terms of supervised release on that date. On July 7, 2000, United States Probation Officer Robert Anton of the Eastern District of New York prepared a Violation of Supervised Release Report ("Violation Report") alleging that Gammarano had submitted false reports concerning his employment and income during the first three months of his supervised release term. The report only referenced the docket number of the New York case.

On September 22, 2000, Judge Johnson endorsed a July 13, 2000 order of the Eastern District of Louisiana, as a result of which the Eastern District of New York accepted jurisdiction from the Eastern District of Louisiana over the term of supervised release resulting from Gammarano's Louisiana conviction.

On October 18, 2000, Judge Johnson held a hearing in response to the Violation Report to determine whether Gammarano had violated the conditions of his supervised release by submitting false monthly reports. The only conviction mentioned during this hearing was Gammarano's conviction in the Eastern District of New York.

On October 27, 2000, after concluding that Gammarano had violated the conditions of his supervised release, Judge Johnson revoked Gammarano's release and sentenced him to eighteen months of imprisonment. The order revoking his release only listed the docket number of the New York conviction. Gammarano began serving this sentence on December 5, 2000 and remained in the custody of the Bureau of Prisons until March 25, 2002.

While Gammarano was incarcerated, Probation Officer Anton sent a letter dated March 5, 2002 to Gammarano's case manager at the Federal Medical Center in Lexington, Kentucky and asked her to inform Gammarano that he would need to report to the United States Probation Office in Brooklyn, New York within seventy-two hours of his release so that he could begin serving the period of supervised release that remained on his Louisiana conviction.

On March 27, 2002, two days after his release, Gammarano filed a motion in the Eastern District of New York to terminate his remaining term of supervision. He argued that, because his two terms of supervised release were running concurrently and were both being supervised by the Eastern District of New York, the revocation order of October 27, 2000 necessarily terminated both terms of supervision.

On June 28, 2002, Judge Johnson entered an order holding that the revocation of Gammarno's supervised release with respect to his New York conviction did not apply to the supervised release term based on the Louisiana conviction. Recognizing that " 'a term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a federal, state, or local crime unless the imprisonment is for a period of less than 30 consecutive days,' " Judge Johnson concluded that twenty-five

---

1. 18 U.S.C. § 3624(e) provides in relevant part:

> **Supervision after release.**—A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

months of supervised release remained on Gammarano's Louisiana sentence. *Gammarano v. United States,* Nos. 93 CR 0506(SJ), 00 CR 1166(SJ), at 1, 5 (E.D.N.Y. June 28, 2002) (quoting 18 U.S.C. § 3624(c)).

The District Court also recognized, however, that

18 U.S.C. § 3583(c) states that the "court may, after considering factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) ... terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release," as long as the court complies with the provisions of the Federal Rules of Criminal Procedure, and "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

*Id.* at 5. Noting that "the Eastern District of New York had complete control over the two supervision terms, and the conditions of the two terms mirrored one another," the District Court decided to hold a hearing before deciding whether it should modify or terminate Gammarano's remaining term of supervised release. *Id.* at 6.

The Court held a hearing on July 17, 2002, and in a brief Memorandum and Order dated August 8, 2002, the Court denied Gammarano's motion to terminate his remaining period of supervision, reasoning that "the request to terminate [Gammarano's] supervised release is neither warranted by the conduct of [Gammarano] nor in the interest of justice." *Gammarano v. United States,* Nos. 93 CR 0506(SJ), 00 CR 1166(SJ), at 2 (E.D.N.Y. August 14, 2002). Gammarano timely filed this appeal.

## DISCUSSION

Gammarano first argues that the revocation of his supervised release with respect to the New York case necessarily terminated his supervised release obligations with respect to the Louisiana case. Gammarano bases this argument on the text of 18 U.S.C. § 3624(e), which states that the term of release to be served by a federal offender

runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

Gammarano reasons that, where multiple terms of supervised release run concurrently, revocation of one such term necessarily terminates the concurrent terms as well because, pursuant to § 3624(e), "Congress determined that an offender should serve only one term of post-release supervision." Def.'s Br. at 14.

This argument is without merit. Nothing in the text of § 3624(e), or any other statute, indicates that the revocation of one term of supervised release necessarily terminates another term of supervision simply because it runs concurrently with the term being revoked, nor are we persuaded that we should read such a requirement into the statute. Accordingly, we hold that revocation of a term of supervised release for one conviction does not terminate supervised release imposed as a result of a separate conviction. *See United States v. Alvarado,* 201 F.3d 379, 381–82 (5th Cir.2000); *cf. McGaughey v. United States,* 596 F.2d 796, 798 (8th Cir.1979) (reaching the same conclusion with respect to concurrent terms of probation). Because the revocation of supervised release in this case clearly applied only to the New York conviction and not to the Louisiana conviction, the District Court properly de-

termined that Gammarano had a twenty-five month term of supervised release remaining upon his release from custody on March 25, 2002.

Gammarano also argues that, even if his supervised release stemming from the Louisiana case survived the revocation, the District Court abused its discretion by declining to grant an early termination of this remaining term of supervision. As the District Court properly noted, pursuant to 18 U.S.C. § 3583(c), " '[a] court may, after considering factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) [2] ... terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release,' as long as the court complies with the provisions of the Federal Rules of Criminal Procedure, and 'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' " *Gammarano v.*

*United States,* Nos. 93 CR 0506(SJ), 00 CR 1166(SJ), at 5 (E.D.N.Y. June 28, 2002) (footnote added).

■ Gammarano maintains that the District Court abused its discretion because it did not explicitly state that it had considered the factors listed in § 3553(a) in its order of August 8, 2002 denying the motion to terminate supervised release. We have previously held that district courts must consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) in deciding whether to modify or terminate a term of supervised release. *See, e.g., United States v. Lussier,* 104 F.3d 32, 35 (2d Cir.1997). We do not, however, require district courts to make specific findings of fact with respect to each of these factors. *See, e.g., United States v. Atkinson,* 788 F.2d 900, 902 (2d Cir.1986). Instead, we have held that "a statement that [the district court] has considered the statutory

**2.** 18 U.S.C. § 3553(a) provides:

**Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

factors is sufficient." *United States v. Gelb,* 944 F.2d 52, 56–57 (2d Cir.1991).

Gammarano argues that no such statement was made in this case because the District Court's Memorandum and Order of August 8, 2002, which ultimately denied his motion for termination of supervised release, does not refer to these factors. But the District Court's Memorandum and Order of June 28, 2002, which ordered oral argument on this issue, expressly acknowledged the need for the Court to consider these factors before ruling on the matter and, indeed, ordered the hearing for this very purpose. *See Gammarano v. United States,* Nos. 93 CR 0506(SJ), 00 CR 1166(SJ), at 5 (E.D.N.Y. June 28, 2002). Moreover, it is clear from a review of the transcript of the July 17, 2002 hearing that the District Court properly considered the factors relevant to this case before denying Gammarano's motion to terminate his supervision.

Finally, Gammarano argues that, even if the District Court did consider the relevant statutory factors, it nevertheless abused its discretion by denying his motion for termination of supervised release. This argument is entirely without merit. As the government noted during the July 17, 2002 hearing, Gammarano is a member of the Gambino Crime Family who has been convicted of serious crimes and who violated the conditions of his supervision immediately upon his prior release from custody. Accordingly, the District Court did not abuse its discretion in declining to terminate Gammarano's supervision.

CONCLUSION

For the reasons stated above, the District Court properly denied Gammarano's motion to terminate his remaining term of supervised release, and the order of the District Court is therefore affirmed.