**Keith WIGGINS, Defendant–Appellant,**

v.

**UNITED STATES of America,
Plaintiff–Appellee.**

**Docket No. 04–4101CR.**

United States Court of Appeals,
Second Circuit.

July 8, 2005.

Keith Wiggins, Baldwin, NY, for Appellant, pro se.

David C. Esseks, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Adam B. Siegel, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: POOLER, SOTOMAYOR, Circuit Judges.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Keith Wiggins appeals from an order of the district court denying his motion to terminate supervised release. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

A district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after one year of supervised release, if the defendant's conduct and the interests of justice so warrant. 18 U.S.C. § 3583(e)(1). We do not require specific findings of fact as to the Section 3553(a) factors, but we do require the district court to state that it has considered those factors, or otherwise demonstrate that it has actually considered them. *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir.2003) (holding that district court's ordering of a hearing on the Section 3553(a) factors and the content of the transcript of that hearing demonstrated proper consideration of the factors).

Here, the district court denied the motion by memo endorsement, stating only: "The motion for early termination of supervised release is DENIED." No hearing was held, and the papers submitted do not appear to address the Section 3553(a) factors. As the record does not demonstrate that the district court considered the statutory factors, we remand this case to the district court for such a consideration.**

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, originally sitting by designation on this panel, recused himself and took no part in the disposition of this appeal. The remaining members of this panel, who are in agreement, have decided the case, pursuant to 2d Cir. R. § 0.14(b).

** At oral argument, Wiggins raised issues with this Court that suggest his financial needs

For the above reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this order.

might be addressed with a transfer of supervision to Atlanta, Georgia, a possibility that may be explored on remand by the district court.