21-900
*United States v. Beltran*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

United States of America,

*Appellee,*

v.                                                                            No. 21-900

Javier Beltran,

*Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANT:                Darrell Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:                 Maggie Lynaugh and Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED AS MOOT**.

Appellant Javier Beltran appeals from the district court's April 5, 2021 order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On November 20, 2021, while this appeal was pending, Beltran was released from prison. He is currently serving a five-year term of supervised release. By order of this Court, the parties submitted further briefing addressing whether Beltran's release from custody mooted his appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"[A]s a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States v.*

2

*Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (internal quotation marks omitted). Where a defendant seeks release from prison, appeals from the denial of that request, and is subsequently released while his appeal is pending, the appeal may be mooted because "neither we nor the district court can grant him the relief he is seeking." *Id.* To be sure, "[i]n certain circumstances," an appeal seeking reduction of a criminal sentence "will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision." *Id.* But, "[f]or a term of supervised release to preserve the presence of a live case or controversy, there must be more than a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand the matter." *Id.* at 225 (internal quotation marks omitted). There is no such possibility here.

As an initial matter, the only relief Beltran sought before the district court and on appeal was release from prison; he made no request to modify his five-year term of supervised release. It would therefore "be quite strange for us to say that a live controversy exists concerning whether the district court abused its discretion in having failed to consider a request that [Beltran] never in fact made." *Id.; see also United States v. Martin*, 974 F.3d 124, 141 n.15 (2d Cir. 2020) (explaining that a

3

reduction in a term of supervision is "distinct from modification of [a] term of imprisonment").

Moreover, Beltran's arguments on appeal focus primarily on the harsh conditions of confinement caused by the COVID-19 pandemic. Beltran argues that the district court abused its discretion in denying his motion for compassionate release because (1) the court failed to adequately address whether the unusually harsh prison conditions caused by the pandemic constituted "extraordinary and compelling" circumstances justifying compassionate release; and (2) the court unreasonably weighed the 18 U.S.C. § 3553(a) factors by not giving adequate weight to the harsher conditions of confinement during the pandemic, which Beltran argues "changed the 3553(a) calculus." Beltran Br. at 22–26. But these concerns, which concentrate on his confinement *in prison*, have nothing to do with his term of supervised release.

In his supplemental brief, Beltran contends that his appeal is not moot because his overly harsh confinement caused him to serve a sentence greater than necessary, which would militate in favor of a reduction of his term of supervised release. Beltran, however, never made that argument in his briefing before the district court or in his merits-stage briefs on appeal. He is certainly free to ask the

4

district court, in the first instance, to reduce his term of supervised release. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) ("A court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release' after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)." (quoting 18 U.S.C. § 3583(e)(2))). And if he were dissatisfied with the district court's ruling on such a motion, he would of course be free to appeal from *that* ruling. *See, e.g., United States v. Gammarano*, 321 F.3d 311, 312, 315–16 (2d Cir. 2003) (reviewing district court's denial of a motion for termination of remaining term of supervised release). But because his motion below and his appeal both focus exclusively on his release from prison, this new argument does nothing to save this appeal from being rendered moot by his intervening release from prison.

We have considered Beltran's remaining arguments and find them to be meritless. Accordingly, we **DISMISS** this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
