21-2511-cr
*United States v. Mingo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECENDTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of November, two thousand twenty-two.

PRESENT:    ROBERT D. SACK,
                       RICHARD C. WESLEY,
                       JOSEPH F. BIANCO,

                              *Circuit Judges*.

———————————————————————

United States of America,

                              *Appellee*,

            v.                                                                                    21-2511-cr

Anthony Torres, Yadira Polanco, Juan P. Montalvo, Omar Astacio, Jonathan Gordon, Joey Corretjer, Jr., Morris Alvarez, AKA Morris Alverez, Sean Torres, Joan Ogando-Ramiriz, Jean C. Gonzalez, Charles Nix, AKA Gutter, FKA Sealed Defendant 11, Ryan David, Jermaine Ivey, AKA Spade, Noyka Gonzalez, Jamel Broadus, AKA Mel, Ricardo Rowley, AKA Braisy, Hassan Stewart, AKA Ja, Lucien Batiste, AKA Sticks, Shenoll Bruno, AKA Ambush, Jason Ohare, Gus Lynch, AKA SHA, Ezekial McLain, AKA X, Tashawn Vailes, AKA Freaky, Richard Duval, AKA Breeze,

*Defendants*,

Jermaine Mingo, AKA V.I.P.

*Defendant-Appellant*.*

---

FOR APPELLEE:                          Steven D. Clymer, Paul D. Silver, Assistant
                                       United States Attorneys, *for* Carla B.
                                       Freedman, United States Attorney for the
                                       Northern District of New York, Albany, NY.

FOR DEFENDANT-APPELLANT:               Molly Corbett, Assistant Federal Public
                                       Defender, *for* Lisa Peebles, Federal Public
                                       Defender for the Northern District of New
                                       York, Albany, NY.

Appeal from orders of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Defendant-appellant Jermaine Mingo appeals from the orders, entered on September 22, 2021, and September 28, 2021, of the United States District Court for the Northern District of New York (Scullin, *J.*), denying his motions to terminate or reduce his term of supervised release.

In 2008, a jury convicted Mingo of conspiring to possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841, 846 and 851. In April 2009, the district court imposed a below-guidelines sentence of 200 months, followed by eight years of supervised release. In January 2019, Mingo filed a motion, *pro se*, pursuant to Section 404(b) of the First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018), for a reduction in his sentence as to both his term of imprisonment and supervised release. In April 2019, Mingo filed a counseled

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

2

supplemental submission in support of his Section 404(b) motion. In July 2020, while the motion was still pending, Mingo was released from custody and began his eight-year term of supervised release. Mingo's release mooted his request for a reduction in his term of imprisonment, but his request for a reduction in his term of supervised release remained pending.

Within a year of his release, Mingo violated the terms of his supervised release twice.[1] The district court first modified his supervision to add a sixty-day curfew condition in June 2021 after he travelled out of the district without permission and was ticketed for speeding. Approximately one month later, Mingo tested positive for marijuana, which resulted in the district court imposing an additional six-month curfew condition in August 2021. On September 9, 2021, Mingo filed a motion pursuant to 18 U.S.C. § 3583(e)(1), seeking early termination of his remaining term of supervised release. On September 22, 2021, the district court entered a one-page form order denying Mingo's Section 404(b) motion for a reduction in his remaining term of supervised release. On September 28, 2021, in a text minute entry, the district court denied Mingo's Section 3583(e)(1) motion for early termination of supervised release.

On appeal, Mingo argues that the summary denials of his motions to terminate or reduce his supervised-release term were an abuse of discretion. Specifically, he contends that the district court abused its discretion in denying his request to reduce his term of supervised release under Section 404(b) because the summary order "fails to demonstrate a determination of Mr. Mingo's eligibility, nor does the order address sentence calculation changes flowing from section 2 of the Fair Sentencing Act." Appellant's Br. at 13. Mingo also contends that in denying his motions, the district court abused its discretion by failing to explain its reasoning in the summary orders, including its consideration of the 18 U.S.C. § 3553(a) factors as applicable to those motions. We

---

[1] Mingo did not contest either violation, but rather consented on each occasion to the United States Probation Office's proposed modification of his supervised release conditions.

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court has exceeded the bounds of its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotations marks and citations omitted). Moreover, "[w]e cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

## A. Eligibility under Section 404(b)

A district court must proceed in two steps when resolving a motion for a sentence reduction pursuant to Section 404(b) of the First Step Act. "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

As a threshold matter, Mingo argues that the district court abused its discretion because "the order of the district court fails to demonstrate a determination of Mr. Mingo's eligibility" and thus the district court may have denied the motion because it mistakenly concluded that he was ineligible for relief under Section 404(b). Appellant's Br. at 13. However, Mingo has failed to demonstrate that the denial was based on an erroneous eligibility determination.

The record reflects that, after Mingo moved for a reduction in his sentence pursuant to Section 404(b), the government, via a letter, advised the district court that this Court's pending decision in *United States v. Davis*, 961 F.3d 181 (2d Cir. 2020), would resolve the question of whether Mingo was eligible for a reduction in sentence under the First Step Act. After this Court issued the *Davis* decision, the district court requested that the parties submit letter briefs addressing how *Davis* impacted Mingo's motion. The government and Mingo both submitted letter briefs to the district court explaining that *Davis* resolved the question concerning Mingo's eligibility for Section 404(b) relief and confirmed that he was, in fact, eligible. Given that the district court had the parties' letter briefs, which agreed that Mingo was eligible for relief under Section 404(b), there is no basis upon which to conclude that the district court did not understand that Mingo was eligible for relief when it denied his Section 404(b) motion. *See United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006) ("In the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them."). Instead, as discussed more fully below, it is apparent from the record that the district court exercised its discretion in denying the Section 404(b) motion to reduce the term of supervised release, as well as the motion seeking termination under Section 3583(e)(1), due to Mingo's two supervised release violations committed shortly before the district court's summary denial of both motions.

## B. Failure to Provide Reasoning for Denial of the Motions

Mingo also argues that the district court abused its discretion by failing to explain its decisions to deny his motions to terminate or reduce his term of supervised release. Specifically, Mingo asserts that the orders provide neither explanation for the denials nor any basis upon which we can review the district court's exercise of discretion.

The First Step Act does not require the district court to hold a "plenary resentencing" hearing. *Moore*, 975 F.3d at 92. Moreover, the district court is not required to discuss each and every sentencing factor in exercising its discretion. *See United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013); *see also Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022) ("[T]he First Step Act [does not] require a district court to make a point-by-point rebuttal of the parties' arguments."). However, we have emphasized that "this does not relieve the district court of its obligation to provide, at a minimum, enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review." *Christie*, 736 F.3d at 196. Therefore, "[t]he explanation required need not be lengthy. But absent some indication of the rationale for the ruling, we are precluded from conducting meaningful appellate review." *Id.*

Under Section 3583(e)(1), a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate or reduce a term of supervision after one year of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As with motions under the First Step Act, we do not "require district courts to make specific findings of fact with respect to each of [the Section 3553(a)] factors," but rather "have held that a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (internal quotation marks and citation omitted) (alteration accepted). Moreover, the district court should provide some explanation for its decision with respect to such a motion. *See United States v. Young*, 998 F.3d 43, 55–56 (2d Cir. 2021).

Here, the district court failed to state any reasons for its denial of Mingo's motions as required by our precedent. Although such failure would generally require remand to allow for meaningful appellate review, we have not required remand where a failure is harmless because

"the reasons for the district court's actions may be obvious from the history of the case," and are "apparent from the record." *Christie*, 736 F.3d at 196; *see also United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015) ("Where clear and compelling reasons to deny relief leap out from the record, requiring an explanation from the district court to avoid reversal for abuse of discretion would elevate form over substance."). We conclude that such a situation exists here. The record reflects that Mingo commenced his term of supervised release on July 24, 2020. In less than one year, on May 9, 2021, Mingo was ticketed by New York State Police for driving 101 m.p.h. in a 65-m.p.h. zone. In connection with this ticket, Mingo admitted that he violated the conditions of his release by traveling outside of the Northern District of New York without the permission of the Probation Office or the district court. In response, on June 1, 2021, the district court imposed a 60-day curfew. Shortly thereafter, on July 19, 2021, Mingo tested positive for marijuana, as was later confirmed by laboratory analysis. As a result, on August 26, 2021, the district court imposed a six-month curfew.

Approximately one month after the district court modified the supervised release conditions for the second time due to Mingo's violations, it summarily denied his motions to terminate or reduce his supervised release. Given that these decisions were so close in time to Mingo's failure to abide by the conditions of his release on two occasions, as well as the fact that the district court's order denying the Section 3583(e)(1) motion expressly referenced that it was giving Mingo "leave to reapply in one year" for early termination of his supervised release, App'x at 17, it is apparent from the record that the district court's reason for denial was, at a minimum, based upon these recent supervised release violations. Moreover, Mingo does not contest that the district court can properly consider these violations as grounds for denying his motions in its exercise of discretion under the Section 3553(a) factors, including Mingo's history and

6

characteristics, and the need to provide him with correctional treatment in the most effective manner. 18 U.S.C § 3553(a)(1)–(2)(D). Accordingly, because the reason for the denial of the motions is apparent from the record under the particular circumstances of this case and could be considered by the district court in its discretion, we conclude that remand is unnecessary.[2]

\*   \*   \*

We have considered all of Mingo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We note that, because it has been more than one year since the denial of the Section 3583(e)(1) motion on September 28, 2021, Mingo may renew his motion for early termination of supervised release pursuant to the district court's order. If such a motion is filed, we fully expect that the district court will provide an explanation for its decision on the motion as to whether Mingo is eligible for a reduction and whether he should have his sentence reduced—as our precedent requires.