23-6145
United States of America v. Dean Brooks

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-four.

PRESENT:
>AMALYA L. KEARSE,
>BARRINGTON D. PARKER,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

United States of America,

>*Appellee*,

>>v.                                                                                   No. 23-6145

Dean Brooks,

>*Defendant-Appellant*.

_____

**FOR APPELLEE:**     RAJIT S. DOSANJH (Geoffrey J.L. Brown, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

**FOR DEFENDANT-APPELLANT:**     MELISSA A. TUOHEY, Office of the Federal Public Defender, Northern District of New York, Syracuse, NY

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED AND REMANDED**.

Dean Brooks appeals from an order of the United States District Court for the Northern District of New York denying his motion to modify a special condition of his supervised release pursuant to 18 U.S.C. § 3583(e)(2). Specifically, the special condition prohibits him from having direct contact with a minor child—including his own children—without permission from the probation office. Brooks moved to exclude his own children from the special condition after the probation office indicated it would deny him all contact with them and, as a result, prevent him from living at his family home. On appeal, Brooks contends that the district court abused its discretion by refusing to modify the special condition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**STANDARD OF REVIEW**

We review decisions regarding modifications of conditions of supervised release for abuse of discretion. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

**DISCUSSION**

District courts "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). In determining whether or how to modify the conditions of supervised release, district courts are required to consider the appropriate "factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* § 3583(e). Although district courts are not required to set forth detailed findings on each statutory factor, *see United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003), a district court must "adequately explain the chosen sentence to allow for meaningful appellate review" when considering a motion for a sentence modification, *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). This is not a high burden to meet. "The explanation required need not be lengthy," and must simply provide "some indication of the rationale for the ruling[.]" *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013).

Brooks provided at least one compelling reason for seeking a modification of his special condition to exclude his children. As applied by the probation office, the special condition has made it challenging for Brooks to secure permanent housing and excluding his children from the special condition would allow him to live at home. The record as to the district court's order in its entirety states: "TEXT ORDER denying 39 Letter as to Dean Brooks requesting modification of Special Condition #1: as to Dean Brooks (1). Signed at Dkt No. 40 by Judge David N. Hurd on 2/8/2023. (ptm) (Entered: 02/09/2023)." Appellant's App'x at 8. This order gives us no indication that the statutory factors were considered, nor does it permit this Court to conduct a

3

meaningful review of the district court's determination. The government contends that the district court's error was harmless because the reasoning for the district court's denial is readily discernible in the sentencing record. We are unpersuaded. Nothing in the record suggests the district court considered, balanced, or weighed the relevant factors against the circumstances Brooks now faces. Indeed, these circumstances did not exist at the time of Brooks's sentencing.

Accordingly, we **VACATE** the order of the district court and **REMAND** pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), to allow the district court to reconsider Brooks's motion to modify his special condition of supervised release in light of his circumstances, the applicable statutory factors, and governing law. We direct the district court to reconsider Brooks's request for modification and provide an explanation for its rationale within 30 days of the date of this order. Upon such elaboration by the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. In the event that either party seeks further action from this Court, the matter will be referred to this panel.

*     *     *

We have considered Brooks's remaining arguments and find them to be without merit.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court