United States of America v. Dean Brooks

United States Court of Appeals
For the Second Circuit

August Term 2023

Argued:  February 14, 2024
Decided:  April 17, 2024

No. 23-6145

UNITED STATES OF AMERICA,

*Appellee*,

v.

DEAN BROOKS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of New York
No. 20-cr-00118, David N. Hurd, *Judge*.

Before:  KEARSE, PARKER, and PÉREZ, *Circuit Judges*.

Pending before this Court is Defendant-Appellant Dean Brooks's motion to reinstate an appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).  Brooks filed a motion on March 28, 2024, requesting that we reinstate his appeal because the district court failed to take any action after this Court issued its order.  To date, the district court has not taken any action.  Brooks's motion is GRANTED, and the order of the district court is

VACATED AND REMANDED, again. Further, we ORDER that the case be reassigned to a different district judge on remand.

APPEAL REMANDED.

> RAJIT S. DOSANJH (Geoffrey J.L. Brown, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.
>
> MELISSA A. TUOHEY, Office of the Federal Public Defender, Northern District of New York, Syracuse, NY, *for Defendant-Appellant*.

PER CURIAM*:

This is the second appeal by Defendant-Appellant Dean Brooks from an order of the United States District Court for the Northern District of New York denying his motion to modify a special condition of his supervised release pursuant to 18 U.S.C. § 3583(e)(2). Specifically, the special condition prohibits him from having direct contact with any minor child—including his own children—without permission from the probation office.

In the first appeal, we vacated the order of the district court and remanded pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), to allow the district court to reconsider Brooks's motion to modify his special condition of supervised

---

* Judge Amalya Kearse, a member of the panel, is temporarily unavailable. This opinion has been resolved by the remaining two members of the panel consistent with the local rules of this Court.

release in light of his circumstances, the applicable statutory factors, and governing law. We directed the district court to reconsider Brooks's request for modification and provide an explanation for its rationale by March 28, 2024, within 30 days of the date of our order. *See generally United States v. Brooks* ("*Brooks I*"), No. 23-6145, 2024 U.S. App. LEXIS 4457 (2d Cir. Feb. 27, 2024).

In this second appeal, Brooks filed a motion on March 28, 2024, requesting that we reinstate his appeal because, to date, the district court has failed to take any action after this Court issued its order. Brooks's motion is **GRANTED,** and the order of the district court is **VACATED AND REMANDED** again. Further, we **ORDER** that the case be reassigned to a different district judge on remand.

## DISCUSSION

"[T]he 'mandate rule' describes the duty of the district court on remand upon receipt of the mandate, which is the appellate court's direction to the trial court[.] . . ." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (some internal quotation marks omitted). Barring exceptional circumstances not applicable here, "the district court 'must follow the mandate issued by an appellate court,' and it 'has no discretion in carrying out the mandate.'" *Callahan v. County of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024) (quoting *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d

3

Cir. 2015)).  To date, the district court failed to follow our instructions "to reconsider Brooks's request for modification and provide an explanation for its rationale within 30 days of the date of this order."  *Brooks I*, 2024 U.S. App. LEXIS 4457, at *4.

As this Court explained in *Brooks I*, in determining whether or how to modify the conditions of supervised release, district courts are required to consider the appropriate "factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  *Id.* at *2 (quoting 18 U.S.C. § 3583(e)). Although district courts are not required to set forth detailed findings on each statutory factor, *see United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003), a district court must "adequately explain the chosen sentence to allow for meaningful appellate review" when considering a motion for a sentence modification, *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).  This is not a high burden to meet.  "The explanation required need not be lengthy," and must simply provide "some indication of the rationale for the ruling[.]"  *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013).

4

We **GRANT** Brooks's motion to reinstate his appeal and again **VACATE AND REMAND** the order of the district court to allow the district court to reconsider Brooks's motion to modify his special condition of supervised release in light of his circumstances, the applicable statutory factors, and governing law. We **ORDER** that the case be reassigned to a different district judge on remand "to preserve the appearance of justice." *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc) (per curiam).