*United States v. Cottom*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          No. 23-7527

KIRK COTTOM,

> *Defendant-Appellant.*

———————————————————————

**For Defendant-Appellant:**    Kirk Cottom, *pro se*, Rochester, NY.

**For Appellee:**    Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the orders of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 23, 2023 and October 17, 2023 orders of the district court are **AFFIRMED**.

Kirk Cottom, proceeding *pro se*, appeals from the district court's orders denying his motion to terminate or modify the terms of his supervised release and his subsequent motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

In 2015, Cottom entered a conditional plea of guilty in the District of Nebraska to access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced Cottom to six years' imprisonment, to be followed by six years of supervised release with nineteen special conditions

of supervision. Cottom appealed the district court's judgment but, consistent with his appeal waiver, did not challenge the conditions of his supervised release. The Eighth Circuit affirmed. Upon Cottom's release from custody in 2021, the Western District of New York accepted jurisdiction over his supervised release pursuant to 18 U.S.C. § 3605. Shortly thereafter, Cottom moved under 18 U.S.C. § 3583(e) to strike or modify certain special conditions of his supervised release, which the district court granted in part and denied in part.

We affirmed the district court's decision in its entirety. *See United States v. Cottom*, No. 21-3053, 2023 WL 2317178, at *1–3 (2d Cir. Mar. 2, 2023). Specifically, we explained that "[section] 3583(e) does not allow a district court to consider arguments about the legality of special conditions," foreclosing "[t]he vast majority" of Cottom's challenges to his supervision. *Id.* at *1–2; *see United States v. Lussier*, 104 F.3d 32, 34–35 (2d Cir. 1997) (directing that such "lawfulness" challenges be brought on direct appeal or collateral attack). We also concluded that the district court acted within its discretion in declining to modify certain employment- and electronic device-related conditions, given that Cottom was a "sophisticated computer user who pled guilty to accessing and receiving child pornography over the internet" and had failed to demonstrate that his conditions

3

unduly interfered with his ability to work.   *Cottom*, 2023 WL 2317178, at *3.

One day after we issued our affirmance, Cottom filed another motion in the district court pursuant to section 3583(e), seeking to terminate his term of supervised release entirely or strike numerous special conditions of his supervision – all of which he had previously challenged in his first motion.   The district court denied Cottom's motion, concluding that the relevant section 3553(a) factors did not support early termination and that he had failed to present any new facts or arguments to warrant modification of the challenged conditions.   Cottom subsequently moved for reconsideration, which the district court denied.   Cottom again appealed.[1]

A district court may, after considering the applicable section 3553(a) factors, (1) terminate a term of supervised release if "such action is warranted by the [defendant's] conduct" and "the interest of justice," or (2) modify the conditions of supervision.   *See* 18 U.S.C. § 3583(e)(1)–(2).   We review the district court's decisions – both the denial of the section 3583(e) motion and the subsequent denial

---

[1] Together with his section 3583(e) motion, Cottom filed two motions for the issuance of subpoenas to his probation officer and former attorney, which the district court denied.   Because Cottom makes only a passing reference to these motions in his brief on appeal, we consider any challenge to this aspect of the district court's ruling forfeited and do not consider it.   *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

of reconsideration – for abuse of discretion.  *See United States v. Parisi*, 821 F.3d

343, 347 (2d Cir. 2016) (modification of conditions of supervised release); *United*

*States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015) (reconsideration).  A district

court abuses its discretion if it "base[s] its ruling on an erroneous view of the law"

or "clearly erroneous assessment of the evidence," or renders a decision outside of

the range of permissible decisions.  *United States v. Halvon*, 26 F.4th 566, 569 (2d

Cir. 2022) (internal quotation marks omitted).

For many of the same reasons articulated in our prior decision, the district

court did not abuse its discretion in denying Cottom's motions.  Cottom first

contends that the district court clearly erred in assessing the evidence relevant to

the nature and circumstances of the offense conduct.  But Cottom's arguments go

not to the district court's consideration of his conduct, but rather to the factual

basis and validity of his underlying guilty plea.  *See, e.g.*, Cottom Br. at 4 (asserting

that plea agreement's recitation of his offense conduct is "unequivocally false" and

"perjurious"); *id.* at 6 (contending that his "plea was invalid"); *see also id.* at 11–12

(asserting "actual innocence" based on "fabricated and falsified" evidence).  The

district court thus correctly declined to accept Cottom's version of the facts or

otherwise consider the validity of his conviction in deciding his section 3583(e)

5

motion. *See United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) ("[T]he validity of an underlying conviction or sentence . . . may be challenged only on direct appeal or through a habeas corpus proceeding.").   And to the extent that Cottom again attacks the legality of the special conditions imposed, we have already explained that a section 3583(e) motion is not the proper vehicle to make such challenges.   *See Cottom*, 2023 WL 2317178, at \*2.

Equally unpersuasive is Cottom's argument that the district court failed to consider all the relevant section 3553(a) factors and gave insufficient weight to evidence that, in his view, supported termination or modification of his supervision.   In modifying a sentence, the district court need only "provide some indication of the rationale for [its] ruling" in order to "allow for meaningful appellate review."   *United States v. Brooks*, 98 F.4th 417, 419 (2d Cir. 2024) (internal quotation marks omitted); *see United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003) ("We do not . . . require district courts to make specific findings of fact with respect to each of [the relevant section 3553(a)] factors.").   Generally, we "presume[]" that the district court has "considered all relevant [section] 3553(a) factors and arguments unless the record suggests otherwise."   *Halvon*, 26 F.4th at 570 (internal quotation marks omitted).

The record demonstrates that the district court adequately accounted for the relevant section 3553(a) factors – as well as Cottom's conduct and the interest of justice, as required by section 3583(e)(1) – and explained its reasons for denying Cottom's section 3583 motion. *See Brooks*, 98 F.4th at 419. In denying his request for early termination, the district court expressly referenced the section 3553(a) factors and then appropriately focused on Cottom's offense conduct and characteristics, including his ongoing refusal to accept responsibility. Similarly, in declining to strike the challenged conditions of supervision, the district court concluded that Cottom had again failed to demonstrate how the electronic device- and employment-related restrictions unduly burdened his ability to work. The district court also reiterated that, given Cottom's offense conduct and characteristics, such conditions were necessary to meet the objectives of sentencing, including "specific deterrence of future criminality, public protection, and rehabilitation." Gov't App'x at 85–86.

Cottom repeatedly complains that his continued supervision and special conditions are "solely punitive," "clearly unnecessary and unreasonable," and the result of "irrational" bias against him, Cottom Br. at 8–9, but he fails to meaningfully explain or point to any evidence in support of these conclusory

7

assertions. And while Cottom contends that the district court "improperly downplayed" and "ignored" his completion of sex offender treatment, *id.* at 7, 9, the district court explicitly considered this argument – but found that it "carr[ied] less weight" in light of his "ongoing attempts" to minimize "his culpability and deny his conduct," Gov't App'x at 84; *see also United States v. Keitt*, 21 F.4th 67, 72 (2d Cir. 2021) ("[T]he weight to be afforded any [section] 3553(a) factor is a matter firmly committed to the discretion of the [reviewing] judge." (internal quotation marks omitted)). We therefore see no abuse of discretion in the district court's consideration of the relevant section 3553 factors or in its conclusion that relief under section 3583(e) was not appropriate.

*     *     *

We have considered Cottom's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8