23-6825-cr
United States v. Corley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                              23-6825

Royce Corley, AKA Ron Iron,

> *Defendant-Appellant.*

_____

**FOR APPELLEE:**                                       Adam Sowlati, Nathan Rehn,
                                                        Assistant United States
                                                        Attorneys, Of Counsel, *for*
                                                        Damian Williams, United States
                                                        Attorney for the Southern
                                                        District of New York, New York,
                                                        NY.

**FOR DEFENDANT-APPELLANT:**                            Royce Corley, pro se, New York,
                                                        NY.


Appeal from orders of the United States District Court for the Southern District of New York denying appointment of counsel and denying a motion to modify conditions of supervised release (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders are **AFFIRMED**.

Royce Corley was convicted after a jury trial of sex trafficking of a minor and possession of child pornography. *See United States v. Corley*, 679 F. App'x 1, 3 (2d Cir. 2017) (summary order). About two and a half years after his release from prison, Corley asked the district court to appoint him counsel for the purpose of seeking a modification to the conditions of his supervised release. Judge Nathan, sitting by designation, denied that request and Corley filed his motion pro se,

2

asking the court to strike or modify the requirement that he obtain permission from his probation officer or the court before leaving the judicial district. Corley argued that this condition interferes with his ability to operate his new business and is more restrictive than reasonably necessary. The Government opposed, arguing that Corley's offense conduct, the risk he poses to the public, and his apparent lack of rehabilitation continue to justify the condition. The Government also argued that Corley had failed to demonstrate harm to his business, pointing to Corley's concession that his probation officer had approved his travel requests in the past.

The district court denied Corley's motion "[f]or substantially the reasons outlined in the Government's letter in opposition." Order, *United States v. Corley*, No. 13-cr-48 (AJN) (S.D.N.Y. July 24, 2023), ECF No. 195. Corley appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We conclude that the district court did not abuse its discretion in denying relief. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam). As an initial matter, the court's adoption of the arguments from the Government's opposition permits "meaningful appellate review" by providing "some indication

3

of the rationale for the ruling." *United States v. Brooks*, 98 F.4th 417, 419 (2d Cir. 2024) (per curiam) (internal quotation marks and alterations omitted). Substantively, the decision to credit the risks Corley posed to the public due to his offense conduct and lack of evidence of rehabilitation falls comfortably "within the range of permissible decisions" in evaluating the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam); *see also id.* at 571 (explaining that we defer to the weight assigned by the district court to the § 3553(a) sentencing factors). Accordingly, the district court did not abuse its discretion.[1]

Corley's arguments about appointment of counsel and the by-designation assignment of Judge Nathan, by then a judge of this Court, are without merit. First, since the district court did not modify Corley's release conditions, he was not entitled to a hearing with appointed counsel. *See* Fed. R. Crim. P. 32.1(c)(1)

---

[1] However, we observe that modification may be appropriate "in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer." *United States v. Young*, 910 F.3d 665, 671 n.26 (2d Cir. 2018) (quoting Fed. R. Crim. P. 32.1 advisory committee's 1979 notes). Should Corley again experience delayed consideration of his travel requests or arbitrary denials, he may "at any time" file a renewed motion and present new evidence—an opportunity that also applies to a showing of rehabilitation or detrimental effect on his business. *United States v. Kunz*, 68 F.4th 748, 774 n.14 (2d Cir. 2023).

(entitling a supervised person to counsel and a hearing "[b]efore modifying the conditions of probation or supervised release"). The district court did not otherwise abuse its discretion in declining to appoint counsel. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010) (per curiam). And second, Judge Nathan's assignment to Corley's case—which took place before her appointment to this Court and continued afterwards—was authorized by 28 U.S.C. § 291(b) and was not otherwise inappropriate. *See United States v. Bradley*, ---F.4th ----, No. 24-935, 2024 WL 5194706, at *2-4 (2d Cir. Dec. 23, 2024).

We have considered Corley's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court