24-2374
*Jane Doe v. United States et al,,*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-five.

Present:
      JOHN M. WALKER, JR.,
      ROBERT D. SACK,
      EUNICE C. LEE,
          *Circuit Judges.*

_____

JANE DOE,

          *Plaintiff-Appellant,*

      v.                                       No. 24-2374-cv

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KEVIN MCALEENAN, in his official capacity as Acting Secretary of US Department of Homeland Security, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, MATTHEW T. ALBENCE, Acting Director of US Immigration and Customs Enforcement, WILFREDO RODRIGUEZ, in his official capacity as an agent of US Immigration and Customs and in his individual capacity,

          *Defendants-Appellees.*

| For Plaintiff-Appellant: | LINDY R. URSO, Attorney at Law, Stamford, CT. |
|---|---|
| For Defendant-Appellee United States: | LOWELL V. STURGILL JR., Joshua Salzman (*on the brief*) Attorneys, Civil Division, Office of Immigration Litigation, *for* Yaakov Roth, Acting Assistant Attorney General, Washington, DC, and Leah Foley, United States Attorney. |
| For Defendant-Appellee Wilfredo Rodriguez: | TRENT A. LALIMA, Brown Paindiris & Scott, LLP, Hartford, CT. |

Appeal from an August 12, 2024, judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jane Doe appeals the dismissal of her claims for the second time following a remand from this Court for the district court to reconsider whether her action could be deemed timely on the grounds of equitable tolling. She initiated the underlying action in October 2019, alleging that she suffered sexual, physical, and psychological abuse for several years at the hands of former Immigration and Customs Enforcement ("ICE") officer Wilfredo Rodriguez ("Rodriguez") between 2007 and 2014, during which time she served as an ICE informant. Her action asserts various federal and state claims against Rodriguez, the United States, the U.S. Department of Homeland Security ("DHS"), and two senior DHS officials (collectively, "Appellees"). The

district court granted Appellees' motions for summary judgment based on the applicable statutes of limitations and denied Doe's request for equitable tolling. *Doe v. United States*, No. 19-CV-1649, 2022 WL 903368, at *10 (D. Conn. Mar. 28, 2022) ("*Doe I*").

Following Doe's timely appeal, this Court vacated and remanded, holding that, given the record, the district court erred by approaching the issue of equitable tolling—an exercise of a court's equitable discretionary authority—"in the prototypical summary judgment posture," neither purporting to find facts nor exercise its discretion in concluding that Doe was not entitled to equitable tolling as a matter of law. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) ("*Doe II*"); *see also id.* at 73 (determining that summary judgment was inappropriate, as "the record *allows* for a finding that Doe faced extraordinary circumstances and acted with reasonable diligence" (emphasis in original)). Emphasizing that courts must resolve factual questions "clearly," *id*. at 70, we then directed the district court on remand to determine in its fact-finding capacity whether Doe established the equitable tolling prerequisites: (1) that extraordinary circumstances prevented timely filling; and (2) that reasonable diligence was exercised in pursuit of her legal rights. *Id*. at 73.

On remand, the district court held an evidentiary hearing and concluded that Doe failed to establish reasonable diligence, and thus denied equitable tolling and affirmed the grant of summary judgment in favor of Appellees. *Doe v. United States*, No. 19-CV-1649, 2024 WL 4224467, at *7 (D. Conn. Aug. 12, 2024) ("*Doe III*").

\*                    \*                    \*

At the evidentiary hearing on remand before the district court, Doe did not dispute that her claims were untimely based on the expiration of the applicable statutes of limitations. *Doe III*,

3

2024 WL 4224467, at *4. Instead, she argued that her claims were subject to equitable tolling because Rodriguez's threats and abuse prevented her from filing sooner. *Id.* at *4–6.

At the hearing, Doe testified that beginning in 2007 and continuing until 2014, Rodriguez sexually assaulted and abused her in various locations, including at a hotel, in a government vehicle, and in his home. Doe also testified that Rodriguez continuously threatened her and her family with deportation or violence if she disclosed his sexual abuse. She claimed that this was the reason that she did not file her lawsuit sooner, contending that she did not disclose the alleged abuse to anyone "out of fear." Appellant's Br. at 12; *see also Doe III*, 2024 WL 4224467, at *6 ("Plaintiff testified and now argues that her fear of Rodriguez had a lasting silencing effect on her, and that this fear explains her failure to diligently pursue her claims."). For example, when asked why she had not disclosed Rodriguez's alleged conduct during a hospital visit connected to an unrelated assault, Doe responded that "[she] was too scared." App'x 55.

In light of this testimony and in consideration of the full record, including evidence that Doe understood her relationships with her attorneys and medical providers to be confidential, the district court concluded that there was a pattern: Doe consistently failed to disclose the alleged assaults to multiple individuals who could have safely assisted her. These individuals included her immigration attorney, law enforcement officers who assisted her during unrelated incidents, FBI agents she collaborated with after concluding her role as an ICE informant, and her medical providers, who treated her for depression allegedly resulting from the abuse. The district court also noted that Doe testified that she knew she had a potential cause of action the first time Rodriguez sexually assaulted her in 2007. *Doe III*, 2024 WL 4224467, at *2.

4

Furthermore, the district court rejected the claim that "fear of Rodriguez had a lasting silencing effect on [Doe], and that this fear explains her failure to diligently pursue her claims" as not credible. *Id.* at *6. Emphasizing that Doe had no contact with Rodriguez after 2014, the district court reasoned that "it was only when [Doe was] trying to avert her father's deportation [in 2018] that [she] raised the abuse claims, and even then did so as a proposed *quid pro quo*," asking "what benefit she would receive in return" for sharing the allegations. *Id.* at *3, *6.

All told, the district court found that despite Doe being "an intelligent and resourceful person," who "understood the options available to her (even having threatened Rodriguez with disclosure)," and who "had ample time, opportunity, and access to many other people who could have safely assisted her prior to and in the two and three years that followed . . . the latest arguable accrual date," Doe "opted to remain silent." *Id.* at *6.

Accordingly, the district court concluded that Doe had not established the prerequisites of equitable tolling, explaining that even if she could satisfy the prong requiring her to establish that extraordinary circumstances prevented a timely filing, she "did not act with reasonable diligence in seeking to vindicate her rights." *Id.* The district court stopped here, declining to make an express factual finding as to whether Doe satisfied the "extraordinary circumstance" prong of the equitable tolling analysis. *Id*. at *5 n.4.

**DISCUSSION**

On appeal, Doe argues that the district court, by ruling only on reasonable diligence and failing to make a factual finding regarding the "extraordinary circumstance" prong of the equitable tolling analysis, "ignored the instructions of this Court on remand," "ignored the overarching premise of this Court's decision," and failed to consider "that which this Court directed it to

5

consider." Appellant's Br. at 6, 10–11. In her view, our remand order required the district court to make an express factual finding on extraordinary circumstances, even after the court had concluded that Doe failed to establish the required prong of reasonable diligence. Although not explicitly framed as such, and without citation to any legal authority in support, Doe is effectively raising a claim that the district court failed to comply with this Court's mandate. *See United States v. Brooks*, 98 F.4th 417, 418 (2d Cir. 2024) (per curiam) (recognizing that a claim that the district court failed to make a required finding on remand, despite the appellate court's instructions, constitutes a challenge to the district court's compliance with the appellate mandate). We disagree.

"We review *de novo* whether the district court has complied with our mandate[.]" *Callahan v. County of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024) (quoting *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015)). Generally, district courts have "no discretion in carrying out" an appellate mandate. *Puricelli*, 797 F.3d at 218. "[W]here a mandate directs a district court to conduct specific proceedings and decide certain questions . . . the district court must conduct those proceedings and decide those questions." *Id*. When determining whether a district court has complied with our mandate, we consider "both the express terms and broader spirit of the mandate." *Callahan*, 96 F.4th at 367 (internal quotation marks omitted).

It is well settled, and the parties do not dispute, that district courts are not permitted to grant requests for equitable tolling unless a litigant demonstrates both (1) that some extraordinary circumstance prevented her from filing suit, and (2) that she has been pursuing her rights diligently. *See A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). Indeed, the remand order here reiterated this principle, emphasizing that "[t]he law prohibits a judge from exercising

6

her discretion where these *two* elements are missing." *Doe II*, 76 F.4th at 71 (emphasis added); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016) (observing that the equitable tolling prerequisites are "distinct elements").

Against this backdrop, Doe's contention that the district court "ignored" or otherwise failed to comply with our remand order is misplaced. Under prevailing law and consistent with the plain text of our order, once the district court found that Doe had not demonstrated reasonable diligence, it was not required to reach the extraordinary circumstance prong before concluding equitable tolling was inapplicable. Indeed, courts in this circuit have repeatedly denied equitable tolling where a litigant failed to satisfy either prong. *See, e.g.*, *Contrera v. Langer*, 278 F. Supp. 3d 702, 725 (S.D.N.Y. 2017) (denying equitable tolling without reaching the extraordinary circumstances prong "given that there has been no showing that [plaintiffs] have met the 'diligence' prong"); *Collazo v. Sikorsky Aircraft Corp.*, 2004 WL 1498130, at *3 (D. Conn. June 23, 2004) (declining to "proceed to the question of whether the circumstances of this case are so extraordinary that equitable tolling should apply," because plaintiff did not act with reasonable diligence); *Sinclair v. Vermont,* 2012 WL 5285388, at *3 (D. Vt. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 5285387 (D. Vt. Oct. 25, 2012) ("The Court need not consider [plaintiff's] diligence, as his claim for equitable tolling fails on the second prong of the analysis.").

Because Doe fails to challenge the district court's factual finding regarding her lack of diligence, she forfeits any such claim. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) (explaining that "arguments not raised in an appellant's opening brief . . . are not properly before an appellate court"). Even if that argument was not forfeited, we find no clear error in the district court's finding that Doe failed to diligently pursue her claims. *See DeSuze v. Ammon*, 990 F.3d

7

264, 268 (2d Cir. 2021) ("When a district court determines that equitable tolling is inappropriate, we review the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion."). Therefore, the district court neither violated this Court's order nor abused its discretion in its determination that equitable tolling was inappropriate.

\*   \*   \*

We have considered Doe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8