25-526-cv
Peralta v. City of New York

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

-------------------------------------------------------------------

ROBINSON PERALTA,

*Plaintiff-Appellant*,

v.

No. 25-526-cv

THE CITY OF NEW YORK, HANSEL SALCEDO, DANIEL WYNNE,

*Defendants-Appellees.*

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:               ROBINSON PERALTA, *pro se*,
                                        New York, NY

FOR DEFENDANTS-APPELLEES:              No appearance

Appeal from orders of the United States District Court for the Southern

District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the orders of the District Court are AFFIRMED.

Plaintiff Robinson Peralta, proceeding without counsel, appeals from two

post-judgment orders of the United States District Court for the Southern District

of New York (Furman, *J.*).  The first order, entered February 20, 2025, denied

Peralta's motion, under Federal Rule of Civil Procedure 60(b), for relief from a

judgment dismissing his complaint; the second, entered March 4, 2025, denied

Peralta's motion for recusal and his renewed request for Rule 60(b) relief.[1]  We

assume the parties' familiarity with the underlying facts and the record of prior

---

[1] Peralta's notice of appeal refers only to a "02-04-2025" order.  The District Court did not enter either of its orders denying Rule 60(b) relief on that date.  However, we construe *pro se* notices of appeal "liberally."  *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (quotation marks omitted).  Because (a) Peralta's brief on appeal addresses both orders, (b) his notice of appeal is timely as to both, and (c) the defendants would not be prejudiced by a liberal construction of his notice of appeal, we construe Peralta's appeal as challenging both of the District Court's orders denying Rule 60(b) relief.

proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2024 the District Court dismissed Peralta's complaint after concluding that his claims were barred under the doctrine of claim preclusion, time-barred under the applicable statute of limitations, or improperly premised on statutes that do not provide a private cause of action. *See Peralta v. City of New York*, 23-CV-10785 (JMF), 2024 WL 1704774, at *4–8 (S.D.N.Y. Apr. 18, 2024). The District Court also denied leave to amend as futile. *See id.* This Court affirmed the District Court's judgment in *Peralta v. City of New York*, No. 24-1356, 2024 WL 4866704 (2d Cir. Nov. 22, 2024). Peralta then filed the Rule 60(b) motions that the District Court denied in the two orders that are at issue in this appeal.

On appeal, Peralta argues that the District Court erred when it denied his Rule 60(b) motions. Rule 60(b) provides that a district court may grant relief from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

3

released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion . . . ." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (quotation marks omitted). Peralta principally challenges the District Court's conclusion that his claims were barred by claim preclusion or were untimely and not subject to equitable tolling.

We are not persuaded. The "mandate rule" is a prong of the law-of-the-case doctrine that "describes the duty of the district court . . . upon receipt of the mandate, which is the appellate court's direction to the trial court. Barring exceptional circumstances not applicable here, the district court must follow the mandate issued by an appellate court, and it has no discretion in carrying out the mandate." *United States v. Brooks*, 98 F.4th 417, 418 (2d Cir. 2024) (cleaned up). This Court affirmed the District Court's judgment dismissing Peralta's complaint because his claims were either precluded or untimely, and also specifically rejected Peralta's equitable tolling argument. *See Peralta*, 2024 WL 4866704, at *1–2. The mandate rule thus barred the District Court from granting a Rule 60(b) motion on the same rejected grounds. *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014); *see also DeWeerth v. Baldinger*, 38 F.3d

4

1266, 1270 (2d Cir. 1994) ("[A] district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion.").

Among other arguments, Peralta principally contends in the alternative that (1) the District Court mischaracterized the procedural history of the case and should have permitted him to amend his complaint; (2) the District Court's dismissal of the complaint violated Peralta's constitutional rights and the Federal Rules of Civil Procedure; and (3) defense counsel engaged in fraud, misrepresentation, and misconduct. Based on our review of the record, we are not persuaded by these or any of the other Rule 60(b) arguments that Peralta advances. The District Court properly exercised its discretion in denying Peralta's Rule 60(b) motions. *See Mandala*, 88 F.4th at 359.

Peralta also argues that the District Court should have granted his recusal motion. "Recusal motions are committed to the sound discretion of the district court, and this Court will reverse a decision denying such a motion only for abuse of discretion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). Unfavorable rulings, without more, are "insufficient to establish" the need to recuse. *Gallop v. Cheney*, 645 F.3d 519, 521 (2d Cir. 2011). Nothing in the record

suggests that the District Court abused its discretion in denying Peralta's motion for recusal.

We have considered Peralta's remaining arguments and conclude that they are without merit.  Peralta's pending motions to supplement the record are denied as unnecessary as the documents in question are part of this Court's record of the prior appeal.  For the foregoing reasons, the orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court